IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **KENDALL CARRITHERS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 3:12-cv-354 |
| | ) |
| **EQUIFAX INFORMATION SERVICES LLC,** | ) |
| | ) |
| | ) |
|     **Defendant.** | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by and through counsel, hereby files its answer and defenses to Plaintiff's Complaint ("Complaint").

**PRELIMINARY STATEMENT**

In submitting its Answer and Defenses to the Complaint, Equifax denies all allegations contained in the unnumbered paragraphs and headings in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required. In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

**ANSWER**

In response to the specific enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring this action for violations of the Fair Credit Reporting Act ("FCRA") and seeks actual, statutory and punitive damages, costs and attorney's fees. Equifax denies that it violated the FCRA, or any other law, denies that Plaintiff

1

was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2.  Equifax admits that this Court has personal jurisdiction over Equifax under 15 U.S.C. § 1681p.  Equifax states that its registered agent is located in Richmond, Virginia.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.  Equifax admits that it is authorized to conduct business in the Commonwealth of Virginia and that it maintains a registered agent in Richmond, Virginia.  Equifax denies the remaining allegations in Paragraph 4.

5.  Equifax admits the allegations in Paragraph 5.

6.  Equifax admits that it provides consumer reports to third parties with a permissible purpose for obtaining the reports, that the reports are provided under contractual agreements, and that Equifax is paid for the reports.

7.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8.  Equifax denies the allegations in Paragraph 8.

9.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax restates and incorporates its responses to Paragraphs 1 – 10 as though

fully set forth herein.

  12. Equifax denies the allegations in Paragraph 12.

  13. Equifax denies the allegations in Paragraph 13.

  14. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 14.

  15. Equifax restates and incorporates its responses to Paragraphs 1 – 14 as though fully set forth herein.

  16. Equifax denies the allegations in Paragraph 16.

  17. Equifax denies the allegations in Paragraph 17.

  18. Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 18.

Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

Equifax admits that Plaintiff demands a trial by jury.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

**THIRD DEFENSE**

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

**FOURTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FIFTH DEFENSE**

Plaintiff has not sustained any damages.

**SIXTH DEFENSE**

Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

**SEVENTH DEFENSE**

Plaintiff has not alleged any injury in fact.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate his damage, if any.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

**TENTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages.  Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S.

559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

### ELEVENTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3) That Equifax have a trial by jury on all issues so triable;

(4) That this lawsuit be deemed frivolous and Equifax recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5) That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 7th day of June, 2012.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com
srotkis@clalegal.com

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com